

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-1876
Re: Does the county clerk have the
authority to pay a deputy his
regular salary during his ab-
sence from employment due to
sickness or vacation?

This will acknowledge receipt of your letter
of January 22, 1940, wherein you request an opinion of
this department on the above stated question.

Jim Wells County has a population of thirteen
thousand four hundred and fifty-six (13,456) inhabitants
according to the last Federal Census.

Article 3902, Vernon's Civil Annotated Statutes
reads in part as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commission-
ers' Court of his county for authority to appoint
such deputies, assistants or clerks, stating by
sworn application the number needed, the position
to be filled and the amount to be paid. Said
application shall be accompanied by a statement
showing the probable receipts from fees, commis-
sions and compensation to be collected by said
office during the fiscal year and the probable
disbursements which shall include all salaries
and expenses of said office; and said court shall
make its order authorizing the appointment of
such deputies, assistants and clerks and fix

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. Woodrow Laughlin, Page 2

the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each...."

The law imposes upon each elective official of the county certain duties connected with his office which he is obligated to faithfully discharge and perform. He is responsible for certain acts of his deputy; and in the matter of attending to and performing the duties of his office, the law holds him responsible. Many duties connected with a public office must necessarily be performed by clerical workers, assistants and deputies, who consequently perform their duties solely under the direction of the principal in office. Especially is this true where their duties are not regulated by statute.

County clerk deputies are considered public officers. In a true sense they perform governmental functions, sharing the responsibility of office with their principal.

In our opinion No. O-1441, directed to Hon. Tom Seay, County Attorney, Amarillo, Texas, written by Hon. Wm.

J. R. King, Assistant Attorney General, it was held that "the commissioners' court of a county does not have the authority to pass an order providing that no vacations with pay shall be allowed any employee of the county or deputies or assistants of county officers until and unless such persons have been employed for a period of one year. Such order, being beyond the scope of power and authority vested in the commissioners' court, is ultra vires and void."

Under Article 3902, supra, the compensation which is allowed to deputies, assistants and clerks of the various county officials for their services is fixed on an annual basis not to exceed the maximum therein stated.

You are respectfully advised that it is the opinion of this department that the county clerk has the authority to pay a deputy his regular salary during the absence of such deputy from employment due to sickness or vacation for a reasonable length of time.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED FEB 8, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN